

FILED
JAN 31 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DELORES C. CURRENCE | |
| Plaintiff, | 1:11-CV-01018 |
| -vs- | ORDER AND OPINION |
| TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa Corporation, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff-insured instituted this action on July 7, 2011, alleging defendant-insurer breached its duty of good faith and fair dealing and its fiduciary responsibilities by a bad faith rejection of plaintiff's request for benefits under a long-term care policy. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff failed to state in the complaint any claim upon which relief can be granted. There is a claimed failure to exhaust, before bringing a claim in court, the S.D. administrative remedy available to insureds denied long-term care benefits. This two-stage remedy entails an "internal appeal" processed within the denying insurance company and, barring a favorable outcome for the insured, an "independent review" process by an independent third party, as defined in S.D. Admin. R. 20:06:21:87 through 20:06:21:90, and 20:06:21:91 through 20:06:21:108, respectively. Defendant filed a brief. Plaintiff sent additional information to the defendant regarding her condition on August 2, 2011, which defendant took as an initiation of the "internal appeal" component of the administrative review procedure. While defendant was reviewing this appeal, plaintiff filed a response on August 16, 2011, along with a brief and affidavit. Defendant filed a memorandum in reply. On September 9, 2011, this court asked counsel to brief whether plaintiff's failure to exhaust state administrative remedies requires dismissal of plaintiff's state law claims in federal court. Defendant and plaintiff filed briefs.

1

Plaintiff argues that the bad faith claim that the defendant knowingly or recklessly failed to properly investigate plaintiff's claim before denying benefits cannot be decided by the independent review organization. Thus, plaintiff's claim was ripe when filed. Additionally, plaintiff argues that because the administrative process only binds the insurer, there is no need for the insured to exhaust the process before bringing to trial a claim arising out of a denial of benefits.

Because plaintiff's internal appeal resulted in a decision in plaintiff's favor and the defendant is providing long-term care benefits, the plaintiff withdraws her 12(i) motion as moot. The implication is that defendant's motion to dismiss is based on similarly moot grounds since plaintiff exhausted the requisite administrative remedies. Plaintiff thereby contends that her claims of bad faith and related attorney's fees still constitute an independent basis to allow her to proceed.

I. **BACKGROUND**

   A. **Legal Standard of Review**

Although defendant moves to dismiss plaintiff's bad faith claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, defendant should have brought the motion under Fed. R. Civ. P. 12(b)(1), since exhaustion of administrative remedies is generally a prerequisite to judicial review and is thus a matter of jurisdiction. *See* Patsy v. Bd. of Regents, 457 U.S. 496, 502 (1982). Whether exhausting an administrative remedy is a prerequisite to judicial review is largely determined by legislative intent by analysis of the statute. *See* id. Federal courts look to the intent of the legislature as provided in the text and structure of a particular state statute when plaintiff's rights arise under state law. *See* Jones v. Grinnell Corp., 235 F.3d 972, 974 (5th Cir. 2001); Talley v. Wash. Inventory Serv., 37 F.3d 310, 311 (7th Cir. 1994). In analyzing a Rule 12(b)(1) motion, this court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008). "The burden of proving federal jurisdiction, however, is on the party seeking to establish it, 'and this burden may not be shifted to' the other party." Great Rivers Habitat Alliance v. F.E.M.A., 615 F.3d 985, 988 (8th

Cir. 2010) (quoting Newhard, Cook & Co. v. Inspired Life Ctrs., Inc., 895 F.2d 1226, 1228 (8th Cir. 1990)).

### B. Relevant Factual Background

Plaintiff is a resident of an assisted living facility in Sisseton, South Dakota. Defendant has its principal place of business in Cedar Rapids, Iowa. Plaintiff was insured under a long-term care nursing home insurance policy. By letter dated April 15, 2011, defendant notified plaintiff that it was denying benefits. In response, plaintiff provided a letter from plaintiff's doctor, dated May 3, 2011, which contained a physical and mental diagnosis of the plaintiff. In the doctor's opinion, plaintiff was unable to live alone due to a cognitive impairment impacting her health and safety. Plaintiff alleges that defendant, after receiving this letter, did not conduct any further investigation to determine plaintiff's eligibility for benefits—including any follow up with plaintiff's doctor or any independent, reliable assessment of plaintiff's intellectual capacity. Plaintiff subsequently received a letter dated May 31, 2011, again denying benefits.

## II. DECISION
### A. The Motion to Dismiss is Not Moot

In her supplemental filing, plaintiff argues that since the administrative process is now complete there is no need to delay trying her claim or to dismiss the action. While this admission, on face, seems confined only to plaintiff's Rule 12(i) alternative to a Rule 12(b)(1) dismissal, defendant teases out of the subtext of this statement plaintiff's implicit argument for denying the motion to dismiss: the need to exhaust the administrative remedy is now moot, and with it the basis for the Rule 12(b)(1) motion. I find that whether plaintiff failed to exhaust administrative remedies is not a moot issue because it is "capable of repetition yet evading review." Sullivan v. Sullivan, 764 N.W.2d 895, 899 (2009).

Mootness is the requirement that courts may only decide "actual controversies affecting people's rights." In re Woodruff, 567 N.W.2d 226, 228 (S.D. 1997). The "capable of repetition" exception to the mootness doctrine applies when: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation

3

that the same complaining party will be subject to the same action again." Rapid City Journal v. Delaney, 804 N.W.2d 388, 391 (S.D. 2011).

Plaintiff has exhausted her administrative remedies by obtaining a favorable decision through internal appeal of defendant's benefit trigger decision.[1] While this outcome obviates the basis of defendant's motion to dismiss, thus making it moot, a case exists to consider the "capable of repetition" exception to the mootness doctrine. Applying the first prong of the exception to the law at issue, South Dakota rules provide that these administrative proceedings should be short-lived. An insurer must make a decision on an internal appeal within thirty calendar days of its receipt of all necessary information for a final determination. S.D. Admin. R. 20:06:21:89. The independent review organization then has thirty days to review the insurer's decision. S.D. Admin. R. 20:06:21:99. Such a short timeframe is evident in this case, as plaintiff only went through an internal appeals process that took twenty-five days from receipt of notice to approval of benefits. Such short timeframes do not provide trial courts with sufficient time to decide the merits of motions inexorably tied to issues in these proceedings.

Defendant could again face similar "jump the gun" activities by other insureds, thereby invoking the second prong of the exception. Even if an insured is not successful in an internal appeal or an independent review process, it can by law exhaust the administrative process within sixty-five calendar days.[2] Concurrently filing with the court and the administrative process provides a distinct advantage for the insured, permitting insureds to assert additional pressure, namely civil fines and other sanctions, that are not yet available to the plaintiff within the

---

[1] The regulation provides that only the insurer's decision to uphold its original denial of benefits provides the insured with an option to appeal to an independent review organization. *See* S.D. Admin. Rs. 20:06:21:90, 20:06:21:93. Since defendant vacated its earlier decision and granted benefits, the administrative process is exhausted.

[2] An internal appeal decision must be made within 30 calendar days of receipt of plaintiff's information. S.D. Admin. R. 20:06:21:89. The insurer has five business days–from the point it receives a written request for independent review from the insured–to refer the case to an independent review organization that is approved by the insured. S.D. Admin. R. 20:06:21:92. The independent review organization has another 30 calendar days in which to make a decision. S.D. Admin. R. 20:06:21:99.

4

administrative process and are not a part of the administrative process for the claim. Thus, there is a "reasonable expectation" that the insurer will see future instances of this strategy used by insureds. Accordingly, I find that the defendant's motion to dismiss is not moot.

### B. Plaintiff's Decision to File a Claim in Federal Court Does Not Violate the Exhaustion Doctrine

The exhaustion doctrine is detailed in case law and enumerated in the Administrative Procedures Act. *See* SDCL § 1-26-30. The doctrine is "a settled rule of judicial administration that 'no one is entitled to judicial relief for a proposed or threatened injury until the prescribed administrative remedy has been exhausted.'" S.D. Bd. of Regents v. Heege, 428 N.W.2d 535, 539 (S.D. 1988) (*citing* Robinson v. Human Relations Comm'n, 416 N.W.2d 864, 866 (S.D. 1987)). "The reason for the [exhaustion] rule is obvious, administrative resolution of the issue may make judicial involvement unnecessary." Robinson, 416 N.W.2d at 866. The exhaustion doctrine must be applied in each case with an "understanding of its purposes and of the particular administrative scheme involved." McKart v. United States, 395 U.S. 185, 193 (1969). "The basic purpose of the doctrine is to allow an administrative agency to perform functions within its special competence–to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." Parisi v. Davidson, 405 U.S. 34, 37 (1972). Federal courts handling controversies arising out of state law claims must look to the "text and structure" of a particular state law in deciding "whether exhaustion of administrative remedies is a jurisdictional prerequisite to judicial review." Mann v. Tyson Fresh Meats, Inc., No. 08-4010, 2008 WL 4360914, at *3 (D.S.D. Sept. 24, 2008) (citing Jones v. Grinnell Corp., 235 F.3d 972, 974 (5th Cir. 2001)).

The administrative procedure spelled out in S.D. Admin. Rs. 20:06:21:87 through 20:06:21103 clearly applies to this claim premised on a wrongful denial of long-term care benefits. By statute, the Division of Insurance has authority to "design standards to prohibit unjust, unfair, or discriminatory treatment of any person insured or proposed for [long-term care]

coverage." *See* SDCL 58-17B-4; S.D. Admin. R. 20:06:21:88. The rulemaking by the Division described this administrative procedure as providing "timely claims processing and an external review procedure" for long-term care insurers. 36 S.D. Reg. 141-142 (Mar. 22, 2010). The question becomes whether the administrative procedure must be exhausted before filing in federal court.

### 1. Plaintiff's Bad Faith Claim is Not Redressable Within the Administrative Procedure

South Dakota recognizes five exceptions to the exhaustion doctrine, two of which plaintiff is able to meet. The five exceptions are:

> (1) Exhaustion is not required where a person, through no fault of his own, does not discover the purported wrong until after the time for application of administrative relief.
> (2) Exhaustion is not required where the agency fails to act.
> (3) Exhaustion is not required where the agency does not have jurisdiction over the subject matter or parties.
> (4) Exhaustion is not required where the board having appropriate jurisdiction has improperly made a decision prior to a hearing or is so biased that a fair and impartial hearing cannot be had.
> (5) Exhaustion is not required in extraordinary circumstances where a party faces impending irreparable harm of a protected right and the agency cannot grant adequate or timely relief.

O'Brien v. W. Dakota Technical Inst., 670 N.W.2d 924, 929 n.1 (S.D. 2003) (citations omitted). Plaintiff invokes the third exception, citing Johnson v. Kolman, 412 N.W.2d 109 (S.D. 1987).

In Johnson, a former employee sued for breach of contract, wrongful termination, breach of severance agreement, fraud, and breach of fiduciary duty. Id. at 111. Plaintiff filed these claims after unsuccessfully seeking a claim of unemployment insurance benefits before the South Dakota Department of Labor. Id. The trial court denied the exhaustion doctrine's application to plaintiff's claims on the basis that such claims could be adjudged properly by the Department. Id. The Supreme Court reversed, finding that the exhaustion doctrine was misapplied. Id. at 112.

6

The Court based its decision upon the fact that, "[b]y definition, the exhaustion doctrine applies only to disputes *cognizable* by an administrative agency. In other words, a party must exhaust all available administrative remedies only if the agency actually has authority to deal with the particular question raised." Id. (emphasis in original). The Court said that the Department only had authority to determine whether plaintiff was eligible for unemployment benefits, which required them to determine whether plaintiff's conduct constituted "misconduct" as set forth by statute. Id. The Court held that even if wrongful termination of employment was cognizable, another exception to the exhaustion doctrine applied to Johnson: the administrative remedies were inadequate for his claims. Id. at 112–13.

Applying Johnson, the claim of bad faith is not cognizable under the administrative proceeding at issue. S.D. Admin. R. 20:06:21:92(3) provides that the review by the independent review organization "shall be limited to the information or documentation provided to and considered by the insurer in making its determination." The scope of review becomes quite large when plaintiff is allowed to provide the independent review organization with "any . . . new or additional information not previously provided to the insurer but pertinent to the benefit trigger denial." S.D. Admin. R. 20:06:21:97. While broadly defined, and while this information may help to decide whether benefits are due, nevertheless, such information is not helpful as to whether the insurer *subjectively* refused to grant benefits without a reasonable basis for denial, a key element of a bad faith claim. *See* Brooks v. Milbank Ins. Co., 605 N.W.2d 173, 177–78 (S.D. 2000).

This conclusion is also supported by the limited value of the administrative decision and its limited remedies. The only administrative decision that may have relevance in court is the independent review organization's determination, which "shall be used *solely* to establish liability for benefit trigger decisions, and is intended to be admissible in any proceeding *only to the extent* it establishes the eligibility of benefits payable." S.D. Admin. R. 20:06:21:99 (emphasis added). The only administrative decision admissible is that the insured is entitled to

7

benefits—nothing more. The only question in the administrative proceeding is whether benefits are payable, not whether bad faith is present.

Insufficient remedies are yet another exception to the exhaustion doctrine. Johnson, 412 N.W.2d at 112 (citing N.L.R.B. v. Indus. Union of Marine & Ship Workers, 391 U.S. 418, (1968)). It is possible for an insured to obtain, through the administrative proceeding, penalties against the insurer for flagrant or frequent violations of particular sections of the rules. S.D. Admin. R. 20:06:21:108. However, the sort of flagrant violations penalized under this provision do not pertain to the facts here. There is no element of a bad faith claim that could have been decided administratively. Thus, plaintiff is barred from seeking any remedy other than payment of benefits within the administrative proceeding.

### 2. Since the IRO Decision is Binding Only on the Insurer, Exhaustion is Not Required

Plaintiff argues that the administrative proceeding does not end the bad faith litigation because it only binds the insurer, not the insured. Plaintiff cites S.D. Admin. R. 20:06:21:99, which provides that the "decision of the independent review organization with respect to whether the insured met the benefit trigger will be final and binding on the *insurer*." Id. (emphasis added). No similar language binds the insured.

In Zuke v. Presentation Sisters, Inc., 589 N.W.2d 925 (S.D. 1999), plaintiff suffered a broken nose on the job and sought nasal reconstructive surgery. When both the hospital's owners and the insurance company for the owners denied approval for the surgery, plaintiff filed a complaint alleging bad faith and deceit on the part of the owners and its insurance company. Id. at 926–28. Zuke appealed a summary judgment. The defendants argued that the worker's compensation statutes governed with a required hearing before the S.D. Department of Labor. The Supreme Court found that plaintiff should have presented her claim to the Department before proceeding with a bad faith claim in court because "[b]efore a trial court may grant relief for . . . bad faith denial . . . it must decide whether the plaintiff is entitled to benefits." Id. at 930.

The Court noted that "the agency which has the most experience and expertise in dealing with these type of issues" should make the decision. Id. This clarifies the legal impact of plaintiff's argument. In the administrative worker's compensation proceeding, the Department of Labor's finding that the plaintiff is not entitled to benefits would provide strong support that a parallel bad faith tort claim filed in court is not valid, Jordan v. Union Ins. Co., 771 F. Supp. 1031, 1033 (D.S.D. 1991), since such a finding attaches to both parties. In the administrative proceeding at issue, however, the independent review organization's determination that benefits are not triggered does not bind the insured, nor could it inform a court's analysis of a bad faith claim.

Since the administrative proceeding detailed in S.D. Admin. R. 20:06:21:87 through 20:06:21:108 lacks jurisdiction on the matter of plaintiff's bad faith claim, the exhaustion doctrine does not apply to that claim. Because exhaustion of administrative remedies is the sole basis for defendant's motion to dismiss, plaintiff has met her burden to establish federal subject-matter jurisdiction. Defendant's motion should be denied.

The court has independent concerns as to whether a state statute, let alone a state administrative rule, can bar access to a federal court. Nothing but the clearest legislative policy and directive would permit the court to, in effect, lock the federal courthouse door. There is no need to decide such weighty issues here, given the previous discussion of the court.

The bulk of the claims by plaintiff originally involved, of course, the substantial costs of the nursing home care. Such damages are no longer to be recovered since the expenses have been paid and apparently will continue to be paid. Only claims for bad faith damages and attorney fees remain. The court frankly wonders whether the required amount in excess of $75,000 in damages, exclusive of interest and costs, in controversy, permits this court to continue to exercise jurisdiction.

### III. ORDER

Based upon the foregoing,

9

IT IS ORDERED that defendants' motion, Doc. # 6, to dismiss plaintiff's complaint is denied.

Dated this 31st day of January, 2012.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Zaepke
DEPUTY
(SEAL)

10